UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BANJOKO OLAKITAN ADETAYO,<br>Petitioner(s),<br>v.<br>TODD LYONS, et al.,<br>Respondent(s). | CASE NO. C26-2790-KKE<br><br>ORDER DENYING PETITIONER'S MOTION FOR TRO |

Petitioner, a native and citizen of Nigeria, entered the United States in 2019 and has been in immigration detention since August 2025. Dkt. No. 21 ¶¶ 3, 4, 7. Along with his petition for a writ of habeas corpus under 28 U.S.C. § 2241, Petitioner filed a motion for a temporary restraining order ("TRO"). Dkt. Nos. 1, 3, 12. Petitioner, representing himself in this matter,[1] notes that he has many medical problems and his health has deteriorated while he has been detained for about a year. Dkt. No. 3 at 2–3, Dkt. No. 12. Petitioner requests that the Court prohibit his transfer from this district or removal from the United States while his habeas petition is pending, in part because

[1] The Court previously found that granting Petitioner's motion to appoint counsel would serve the interests of justice in this case. Dkt. No. 15 (citing 18 U.S.C. § 3006A(a)(2)(B)). Despite the Court's best efforts (*id.*), the Court has been unable to locate counsel willing to represent Petitioner and the Court lacks authority "to make coercive appointments of counsel." *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 310 (1989). Under these circumstances, the Court finds that Petitioner must continue to litigate this matter himself. *See, e.g.*, *Williams v. Lawson*, C21-5536 MJP, 2024 WL 4133962, at *1–2 (W.D. Wash. Sep. 10, 2024).

he is too medically fragile to be forcefully transferred or removed. *See* Dkt. No. 3 at 16, Dkt. No. 12 at 1.

Shortly after Petitioner's TRO motion was filed, the Government[2] filed a notice of intent to remove Petitioner from the United States in September 2026. Dkt. No. 14. The Government opposes Petitioner's TRO motion, noting that Petitioner is subject to an administratively final order of removal and scheduled for removal to Nigeria on September 8, 2026. Dkt. No. 16 at 5, Dkt. No. 21 ¶ 21. According to the Government, Petitioner is properly detained pending removal under 8 U.S.C. § 1231(a)(6) and his detention is neither prolonged nor indefinite. *Id.* at 1. The Government also submitted a declaration from the medical clinic director at the facility where Petitioner is detained, explaining that Petitioner has been medically cleared for transfer and removal. Dkt. No. 17 ¶ 19.

Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, Petitioner has failed to show that he is likely to succeed on the merits or will suffer irreparable harm in the absence of preliminary relief. It is true that the Immigration and Nationality Act does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

[2] This order refers to the federal Respondents as "the Government."

Petitioner's appeal of his removal order was dismissed as untimely by the Board of Immigration Appeals in March 2026. Dkt. No. 18-3. Petitioner has requested review by the Tenth Circuit Court of Appeals, which remains pending. *See Adetayo v. Blanche*, No. 26-9526 (10th Cir. 2026). The Tenth Circuit has, however, three times denied Petitioner's request for a stay of removal while his petition for review is pending. *Id*. Thus, Petitioner's removal order has become administratively final and can be executed at this time. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 534–35 (2021). Petitioner is seeking review of that removal order in the Tenth Circuit, but this Court lacks jurisdiction to enjoin the Government's execution of his removal order under 8 U.S.C. § 1252(g). Petitioner's removal is scheduled to occur within six months of when his removal order became administratively final (Dkt. No. 21 ¶ 13), which means that his detention is presumptively reasonable at this time. Moreover, Plaintiff has not shown that his removal will be effectuated "forcefully" or is otherwise likely to result in medical harm. For these reasons, Petitioner is not likely to succeed on the merits of his claim or shown that he will suffer irreparable harm in the absence of preliminary relief.

Because Petitioner has not met the high burden to show that he is entitled to temporary injunctive relief, the Court DENIES his TRO motion. Dkt. No. 12.

Dated this 28th day of August, 2026.

Kymberly K. Evanson
United States District Judge